# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 9:17-CV-80940-ROSENBERG/REINHART

ROBERT FREEDMAN,

    Plaintiff,

v.

MAGICJACK VOCALTECH LTD.,
et al.,

    Defendants.

_____/

## ORDER REQUIRING AMENDED COMPLAINT

**THIS CAUSE** is before the Court on Defendants' Motion to Dismiss at docket entry 38. The Motion has been fully briefed. For the reasons set forth below, the Motion is granted insofar as Plaintiff is required to amend his complaint. The Motion is denied without prejudice in all other respects.

Plaintiff initiated this case on August 11, 2017, alleging that Defendants made false and misleading statements in corporate proxy statements. Plaintiff alleges that Defendants made these false statements in order to secure buy-out triggered compensation. Defendants argue that Plaintiff's Complaint must be dismissed because it violates Rule 8 of the Federal Rules of Civil Procedure.

Rule 8 requires a short and plain statement that shows why a pleader is entitled to relief. A complaint that is "confusing and incoherent . . . fails to comply with Rule 8." *Joseph v. Kahane & Assocs., P.A.*, No. 14-80495, 2014 WL 12600812, at *2 (S.D. Fla. Aug. 27, 2014). Defendants argue that Plaintiff's Complaint makes contradictory statements as to whether Plaintiff is seeking relief under Rule 10(b) or Rule 14(a) of the Securities Exchange Act. Upon review of the Complaint, the Court agrees. Plaintiff's Count I is styled as bringing a Rule 10(b) claim, but the body of the claim makes references to violations of Rule 14(a).[1]

---

[1] The elements and burden of proof for a Rule 10(b) claim and a Rule 14(a) claim differ. *Compare Robbins v. Koger Props., Inc.*, 116 F.3d 1441, 1447 (11th Cir. 1997), *with Edward J. Goodman Life Income Trust v. Jabil Circuit, Inc.*, 594 F.3d 783, 796-97 (11th Cir. 2010).

Defendants also argue that Plaintiff's prayer for relief contains a reference to Defendants' alleged breaches of fiduciary duty, and that this breach is not explained or directly referenced in the body of the Complaint. Upon review of Plaintiff's Complaint, the Court agrees with Defendants. The Court is uncertain how to treat Plaintiff's prayer for relief pertaining to the "breaches of [Defendants'] fiduciary duties," and Plaintiff is silent as to this point in his Response to the Motion to Dismiss. DE 37 at 35.

Defendants argue that the following allegation is unclear: "[Plaintiff will be] deprived of a shareholder's entitlement to make a fully informed decision if such misrepresentations and omissions are not corrected prior to the stockholder vote." *Id.* at 33. But Plaintiff does not identify any stockholder vote to be held in the future and, in fact, it appears from the allegations in the Complaint that all stockholder votes relevant to this action have concluded.

Defendants contend that the lengthy recitation of Defendants' corporate history, the relevance of which is not explained, makes the Complaint difficult to follow. Upon review of the Complaint, the Court agrees. Plaintiffs' Complaint contains over 150 paragraphs but the clearest rendition of the crux of Plaintiff's claim was gleaned by the Court in Plaintiff's (relatively brief) summary of the facts in Plaintiff's Response to Defendants' Motion to Dismiss—not Plaintiff's Complaint. When a complaint's allegations are repetitive, unnecessary detailed and, at times, irrelevant, amendment is warranted. *Yeyille v. Sch. Bd. Of Miami-Dade Cty.*, No. 14-CV-24624, 2015 WL 11233428, at *4 (S.D. Fla. June 15, 2015).

Finally, Defendants contend that Plaintiff is bringing a derivative claim on behalf of the Defendant corporation—not his own individual claim. Defendants' argument is fairly grounded in the wording of the Complaint, because Plaintiff does allege injuries that accrued to the Defendant corporation itself—not to Plaintiff individually. *See, e.g.*, DE 34 at 34-35 (requesting, *inter alia*, for the Court to enjoin future payments tied to two proxy statements which would be paid by the Defendant corporation, not Plaintiff). In response, Plaintiff contends that he is bringing an individual claim, but this is an issue that warrants amendment. If it is Plaintiff's intent to pursue an individual claim, Plaintiff's Complaint should make it clear that the alleged injuries in this case flowed to Plaintiff and not to the Defendant corporation.

In summary, Plaintiff's Complaint lacks clarity.  The Court exercises its discretion to permit Plaintiff one more opportunity[2] to amend.  It is therefore **ORDERED AND ADJUDGED** that Defendants' Motion to Dismiss [DE 38] is **GRANTED** insofar as Plaintiff shall **AMEND HIS COMPLAINT** by August 20, 2018.  Defendants shall file a responsive pleading or a responsive motion by August 31, 2018.  Plaintiff shall file any necessary response by September 14, 2018, and Defendants shall file any necessary reply by September 21, 2018.  In the event Defendants elect to file a renewed motion to dismiss, both parties shall submit proposed orders on the motion to dismiss in Microsoft Word format to Rosenberg@flsd.uscourts.gov at noon on September 28, 2018.  All other requests for relief and legal argument raised by Defendants in the Motion to Dismiss are **DENIED WITHOUT PREJUDICE** for Defendants to re-raise those arguments in a future motion to dismiss, if necessary, so that the Court may evaluate those arguments in the context of a clearly-pled complaint.

**DONE AND ORDERED** in Chambers, West Palm Beach, Florida, this 9th day of August, 2018.

_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of record

---

[2] Plaintiff previously amended his Complaint on January 2, 2018.